UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JIAHUI MIAO,

              Petitioner,                                **ORDER**
                                                          **24-CV-3987 (LDH)**

         - against -

WARDEN et al

              Respondent.
------------------------------------------------------------X
LASHANN DEARCY HALL, United States District Judge:

Petitioner Jiahui Miao, who is detained at the Metropolitan Detention Center in Brooklyn, New York, commenced this action pursuant to 28 U.S.C. § 2241. (ECF No. 1.)  Before the Court turns to the merits of Petitioner's Complaint, Petitioner's motion for leave to proceed *in forma pauperis* and motion for extension of time is dismissed as moot.  On August 5, 2024, Petitioner filed a motion for extension of time to pay the filing fee.  (ECF No. 6.)  In addition, on August 21, 2024, Petitioner filed a motion for leave to proceed *in forma pauperis*.  (ECF No. 8.) However, Petitioner paid the filing fee.  (ECF No. 4.)  Therefore, these motions are dismissed as moot.  The Court turns now to the merits of the Petition and finds that it must also be denied.

Petitioner is currently a defendant in a pending criminal prosecution in this Court in which Petitioner and eleven co-defendants were charged with money laundering and conspiracy to defraud the United Sates. *See United States v. Zhang, et al.*, 22-cr-458-LDH-SJB.  The instant petition asserts that the trial court violated Petitioner's Sixth Amendment right to a speedy trial, that his detention and revocation of bail constitute unreasonable punishment under the Eighth Amendment, and that the trial court lacks jurisdiction under 18 U.S.C. § 3231 and is not the proper venue for prosecution of the criminal charges lodged against him.  (ECF No. 1.)

Petitioner's prior attorneys consented to exclude time under the Speedy Trial Act, as they were engaged in plea negotiations. *United States v. Zhang, et al.*, 22-cr-458-LDH-SJB, Dkt. No.

70, 72, 106, 157, 169, 170.  Nonetheless, Petitioner filed a *pro se* motion for an expedited schedule.  *Id.*, Dkt. No. 162.  Petitioner also filed a *pro se* motion in the criminal proceeding alleging "inordinate delay" in bringing the case to trial.  *Id.*, Dkt. No. 237.

As to Petitioner's detention, he was initially released on bond on October 13, 2022.  *Id.*, Dkt. No. 69.  On August 15, 2023, the government moved to revoke bond on the grounds that Petitioner committed a new felony while on release by providing false information on an application for a life insurance policy.  *Id.*, Dkt. No. 149.  Despite that violation of Petitioner's bond conditions, then-Magistrate Judge Ramon E. Reyes released Petitioner on a higher bond.  *Id.*, Dkt. No. 150, 153.  On March 8, 2024, Petitioner was remanded to custody, with comprehensive detention hearings held on March 14, 2024, and April 4, 2024, in which the Court found that Petitioner violated the conditions of his release by bypassing the cyber-monitoring software on his electronic devices and conducting searches that suggested he was a flight risk.  *Id.*, Dkt. No. 186, 187.  Petitioner has appealed that remand to the Court of Appeals for the Second Circuit.  *Id.*, Dkt. No. 211.

Finally, Petitioner challenges the jurisdiction of this Court.  The provision he cites, 18 U.S.C. § 3231, provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  Since Petitioner has been charged with violation of federal criminal laws, this federal Court has jurisdiction over the prosecution.  Petitioner has not suggested any grounds to challenge venue for prosecution of crimes that impacted banks doing business in New York.  *Zhang*, 22-cr-458, Dkt. No. 1.

"Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition."  *Whitmer v. Levi*, 276

Fed. Appx. 217, 219, 2008 WL 1849803, at *1 (3rd Cir. April 28, 2008); *see also Parks v. United States*, No. 21-CV-029-LJV-JJM, 2021 WL 8391657, at *3 (W.D.N.Y. Mar. 22, 2021) (citing cases), *report and recommendation adopted*, 2022 WL 1501597 (W.D.N.Y. May 12, 2022). Petitioner is represented by counsel in his criminal case. *Zhang*, 22-cr-458, Dkt. No. 229 (notice of appearance filed by attorney Samantha Chorny). Each of Petitioner's challenges to his criminal prosecution may be raised in the pending criminal proceedings and thus are not proper bases for a petition pursuant to 28 U.S.C. § 2241.

Moreover, the petition must also be denied under the abstention doctrine articulated in *Younger v. Harris*, which requires courts to abstain from acting in a criminal prosecution when the defendant "has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. 37, 43-44 (1971); *Schulte v. Barr*, No. 20-CV-9244 (JPO), 2020 WL 7211887, at *2 (S.D.N.Y. Dec. 7, 2020) (denying 28 U.S.C. § 2241 petition challenging pending federal criminal prosecution because *Younger* abstention applied); *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (affirming district court's denial of 28 U.S.C. § 2241 petition challenging pretrial detention because *Younger* abstention applied). Petitioner has such a remedy in his pending criminal case, so a petition pursuant to 28 U.S.C. § 2241 challenging the prosecution cannot proceed.

### **CONCLUSION**

For the foregoing reasons, Petitioner's request for relief pursuant to 28 U.S.C. § 2241 is hereby denied without prejudice to the proceedings in *United States v. Zhang, et al.*, 22-cr-458-LDH-SJB. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this order would not be taken in good faith, and therefore, *in forma*

3

*pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to mail a copy of this Order to Petitioner and note the mailing on the docket.

SO ORDERED.

_____/s/ LDH_____
LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
       April 14, 2026

4